HONORÉ, PLAINTIFF AND APPELLEE, *v.* VARGAS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action of Unlawful Detainer.—Motion for Dismissal.

No. 3479.—Decided December 12, 1924.

UNLAWFUL DETAINER— APPEAL— STATEMENT OF CASE— PROCEDURE— TRANSCRIPT OF RECORD.—Although section 13 of the Unlawful Detainer Act provides that when an appeal has been interposed in proper form the clerk of the court and the stenographer, as the case may be, shall perform such duties as may be imposed upon them with respect thereto within a period of five days computed from the date of the filing of the notice of appeal, that provision refers only to the said officials and does not impose upon the appellant the duty of presenting his statement of the case within the said five days. There-

fore, as the record in this appeal contains a statement of the case, the time
for filing the transcript in this court must run from the date of the ap-
proval of the statement of the case and not from the date of the notice of
appeal, for which reason the appeal should not be dismissed.

ID.—ID.—ID.—ID.—EXTENSION OF TIME.—A motion for extension of the time
for filing the statement of the case in an action of unlawful detainer made
within the ten days following the filing of the notice of appeal can not be
held to be too late, and a ruling thereon granting an extension of ten days
from the expiration of the statutory period can not be held to be indefinite.

The facts are stated in the opinion.

*Messrs. Alemañy & Ramírez* for the appellant.

*Mr. A. A. Vázquez* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

We are asked to dismiss the present appeal for the rea-
son that the statement of the case was not filed in the lower
court within five days after the appeal was taken and the
transcript on appeal was filed in this court after thirty
days following the notice of appeal. For arriving at this
conclusion the appellant alleges that in accordance with
section 13 of the Unlawful Detainer Act the appellant should
have filed his statement of the case in the trial court within
five days after filing the notice of appeal.

This appeal was taken in an action of unlawful detainer
in which the procedure is speedy and special until an ap-
peal is taken and security is given, or the amount due is
deposited, as the case may demand. Thenceforward, the
appeal is prosecuted in accordance with the Code of Civil
Procedure, as prescribed in section 14 of the said special
Act, although it is understood that such appeals must be
given preference. And although it is true that section 13
of the Act provides that when an appeal has been inter-
posed in proper form the clerk of the court and the ste-
nographer, as the case may be, shall perform such duties
as may be imposed upon them with respect thereto within
a period of five days computed from the date of the filing
of the notice of appeal, that provision refers only to the
said officials and does not impose upon the appellant the
duty of presenting his statement of the case within the

said five days. Therefore, as the record in this appeal contains a statement of the case, the time for filing the transcript in this court must run from the date of the approval of the statement of the case and not from the date of the notice of appeal, for which reason the appeal should not be dismissed.

It is alleged also in support of the motion for dismissal that the appellant asked for an extension of time for filing the statement of the case after the five days following his notice of appeal and that the court below granted him an indefinite extension.

As the statement of the case need not be filed within five days after taking the appeal, but within ten days, in accordance with the Code of Civil Procedure, the trial court had authority to grant the extension asked for six days after the appeal was taken. And that extension was not indefinite, as claimed, inasmuch as the motion asked for ten days from the expiration of the statutory period, and as the extension was granted on that motion, the ten days expired ten days after the expiration of the time within which under the law the appellant must file his statement of the case, for which reason the extension was not indefinite.

The motion for dismissal must be overruled.

*Motion overruled.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.